UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS L. ABRAMSON | ) | CASE NO. 5:25-CV-02030 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| EDERICA ANDRADE | ) | **ORDER AND DECISION** |
| | ) | (Resolving Doc. 15) |
| Defendant. | ) | |
| | ) | |
| | ) | |

Pending before this Court is Defendant Ederica Andrade's unopposed motion for judgment on the pleadings pursuant to Fed.Civ.R. 12(c). Doc. 15. For the reasons set forth below, the Court GRANTS Defendant's motion and DISMISSES the complaint in its entirety.

## I.  STATEMENT OF FACTS

Plaintiff Nicholas Abramson contends that he submitted an anonymous complaint against Defendant, a police officer in Alliance, Ohio. Doc. 1, ¶8. Plaintiff asserts that on that same day, Defendant filed a criminal complaint with the Massillon Police Department accusing him of menacing by stalking. Doc. 1, ¶10. Plaintiff contends that Defendant made the complaint while on duty and in uniform. Doc. 1, ¶21. "Plaintiff was arrested and prosecuted[.]" Doc. 1, ¶14. On August 18, 2025, the Stark County Grand Jury declined to charge him with the offense. Doc. 1, ¶15. Plaintiff contends that "Defendant's actions were retaliatory, malicious, and intended to chill [his] protected speech." Doc. 1, ¶16.

## II.  STANDARD OF REVIEW

The standard for reviewing a judgment on the pleadings under Rule 12(c) is the same as

1

the standard for reviewing a motion to dismiss under Rule 12(b)(6). The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted).  In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard."  *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor.  *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

2

"In addition, it is well settled that this Court may 'grant dispositive motions because they are unopposed.' When a party fails to respond to a dispositive motion, it may be treated 'as a confession to' the motion's merits." *Globe Life & Accident Ins. Co. v. Jacobs*, No. 5:20-cv-02189, 2022 U.S. Dist. LEXIS 99012, at *8 (N.D. Ohio May 31, 2022).

## III.    ANALYSIS

Plaintiff asserts three claims under 42 U.S.C. § 1983: First Amendment Retaliation, Fourth Amendment Malicious Prosecution, and Abuse of Process-Conspiracy. Plaintiff asserts one state law claim for intentional infliction of emotional distress.

### A.    <u>42 U.S.C. § 1983</u>

To establish a federal claim under §1983, Plaintiff must demonstrate that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).

> Section 1983 creates a cause of action for the violation of federal rights by a person acting 'under color of any statute, ordinance, regulation, custom, or usage, of any State.' 42 U.S.C. § 1983. In rare circumstances, private actors may also be liable under §1983, but only when the plaintiff can show that the private party's actions 'so approximate state action that they may be fairly attributed to the state.' *Inner City Contracting, LLC v. Charter Township of Northville*, 87 F.4th 743, 757 (6th Cir. 2023) (citation omitted). Generally, we look to three tests to determine whether private action has become state action: (1) the public-function test, (2) the state-compulsion test, and (3) the nexus test. See *Weser v. Goodson*, 965 F.3d 507, 516 (6th Cir. 2020). A plaintiff may also show state action by establishing 'that a private party has engaged in a conspiracy or concerted action with other state actors.' Id.; see also *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970).

*Leta v. TriHealth, Inc.,* No. 23-3406, 2024 U.S. App. LEXIS 1548, at *7 (6th Cir. Jan. 22, 2024); *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995).

Plaintiff asserts that "[a]cting under color of law, Defendant influenced another Police Officer from the Massillon Police Department to accept and file her allegations without conducting

3

any meaningful investigation." Doc. 1, ¶14. Plaintiff further asserts that Defendant acted under color of law when she filed "her complaint while on duty, in uniform, and leveraging her position as a police officer."  Doc. 1, ¶21.

To the extent that Plaintiff contends Defendant was acting under the color of law merely because she was wearing her uniform and was on duty when she filed the complaint, this argument is without merit. "When determining whether a person acted under color of state law, [t]he fact that a police officer is on or off duty, or in or out of uniform is not controlling. It is the nature of the act performed, not the clothing of the actor or even the status of being on duty, or off duty, which determines whether the officer has acted under color of law." (internal quotations omitted) *Morris v. City of Detroit*, 789 F. App'x 516, 518 (6th Cir. 2019) (quoting *Stengel v. Belcher*, 522 F.2d 438, 441 (6th Cir. 1975) (quoting *Johnson v. Hackett*, 284 F. Supp. 933, 937 (E.D. Pa. 1968)). Here, Defendant, an Alliance Police Officer, filed a criminal complaint at the Massillon Police Department accusing Plaintiff of menacing by stalking. Doc. 1, ¶¶7, 10, 13. This is clearly the act of a private citizen. "Acts of police officers in the ambit of their personal, private pursuits fall outside of 42 U.S.C. § 1983." *Morris,* supra. Accordingly, Plaintiff fails to establish that Defendant was acting under color of law on this basis.

Plaintiff's further asserts that Defendant "influenced" another police officer to file her allegations. The Court construes this as an argument on the theory that Defendant "engaged in a conspiracy or concerted action with other state actors." *Leta*, 2024 U.S. App. LEXIS 1548, at *7. A conspiracy claim must be pled with specificity.

> To hold a private party liable under §1983, the plaintiff must show that the private actor 'willfully participate[d] in joint action with state agents.' *Weser*, 965 F.3d at 516 (citation omitted). The plaintiff must 'alleg[e] that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed.' *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007); see also *Rudd v. City of Norton Shores*, 977 F.3d

4

503, 517 (6th Cir. 2020). 'A complaint must identify the alleged conspiracy with more than vague and conclusory allegations.' *Rudd*, 977 F.3d at 517 (citation omitted); see also *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) ('It is well-settled that conspiracy claims must be pled with some degree of specificity. . . .' (citation omitted)).

*Id*. Plaintiff fails to set forth the necessary specificity to establish that such a conspiracy existed between Defendant or the Massillon police officer who took her complaint. Accordingly, Plaintiff fails to state a claim under 42 U.S.C. §1983.

### B. State Claims

Plaintiff's remaining claim sound in state law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id*. at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id*. Having dismissed Plaintiff's federal law claims, this Court declines jurisdiction to hear Plaintiff's state law claims.

### IV. CONCLUSION

Defendant's motion for judgment on the pleadings is GRANTED. This matter is hereby DISMISSED in its entirety.

**IT IS SO ORDERED.**

**Date: <u>July 20, 2026</u>**                                                    */s/ John R. Adams*
                                                                                              **U.S. District Judge**